**Leroy and Shirley YOUNG, Plaintiffs,**

v.

**1ST AMERICAN FINANCIAL SERVICES, Defendant.**

**No. Civ.A. 97–0165(JR).**

United States District Court, District of Columbia.

Nov. 1, 1999.

Peter L. Winik, Curtis P. Lu, Vivian C. Strache, Latham & Watkins, Washington, DC, for plaintiffs.

Frank J. Emig, Greenbelt, MD, for defendant 1st American Financial Services, Inc.

Ronald W. Fuchs, Eccleston & Wolf, P.C., Washington, DC, for defendants Edward S. Cohn and Stephen N. Goldberg.

David C. Tobin, Tobin & O'Connor, Washington, DC, L. Darren Goldberg, David W. Draper Jr., Draper & Goldberg, P.L.L.C., Leesburg, VA, for defendant Option One Mortgage Corporation.

### MEMORANDUM AND ORDER

ROBERTSON, District Judge.

On October 8, 1999, more than 20 months after summary judgment was entered in favor of three defendants in this case, and a month after the entry of a stipulation dismissing the last defendant, plaintiffs moved for a Rule 54(b) order making the 20–month-old summary judgment order final as to two of the three defendants against whom summary judgment had been entered. Because that summary judgment order was already final—it became final with the entry of the stipulation dismissing the final party to the litigation—the Rule 54(b) motion will be denied.

### Background

Plaintiffs Leroy and Shirley Young sued 1st American Financial Services, Option One Mortgage, Stephen N. Goldberg and Edward S. Cohn on January 24, 1997, asserting causes of action under the Truth In Lending Act and District of Columbia law in connection with the making of, and foreclosure upon, a mortgage loan. Option One was the lender and 1st American, the mortgage broker.

The claims against defendants Cohn and Goldberg related to alleged irregularities in the procedure by which plaintiffs' house was sold at foreclosure after they defaulted on the loan. The claims were that, although Messrs. Cohn and Goldberg were named as trustees in the deed of trust, they acted as attorneys for Option One in the foreclosure proceedings rather than fiduciaries for both parties; that they proceeded with the foreclosure sale knowing that the foreclosure notice violated D.C. law; that they went ahead with the sale knowing that it had not been adequately advertised; and that their actions with respect to the plaintiffs were adversarial.

All parties moved for summary judgment. On January 15, 1998, the motion of defendants Cohn and Goldberg was granted. The motion of defendant Option One was also granted. The motion of plaintiffs was denied. The motion of defendant 1st American was granted as to some counts and denied as to others. Nothing more was heard from any party until late September 1998, at which time plaintiffs advised the Court that a settlement was in the works.

A year later, the previously announced settlement agreement was reduced to a formal stipulation of dismissal, with prejudice, as to the remaining defendant—1st American. The stipulation also dismissed the plaintiffs' claims as to Option One with prejudice, presumably in order to eliminate the possibility of an appeal from the previous grant of Option One's motion for summary judgment. The stipulation was filed September 9, 1999 and "so ordered" by the Court on September 13, 1999.[1] On October 8, 1999, plaintiffs moved pursuant to Rule 54(b) for an order entering final judgment as to the January 15, 1998 grant of summary judgment as to Messrs. Cohn and Goldberg. That motion was opposed and is now before the Court for decision.

*Analysis*

The question presented by the motion is whether the January 15, 1998 order became final and appealable by operation of the stipulation dismissing the remaining parties, without the need for Rule 54(b) certification.

Rule 54(b) provides:

When more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction, any order or other form of decision, however designated, which adjudicates fewer that all of the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

More than one claim for relief was presented in this action, and multiple parties were involved. The January 15, 1998 summary judgment order as to Messrs. Cohn and Goldberg removed a distinct set of factual and legal issues from the case. The order was thus amenable to a Rule 54(b) certification when it was issued.

Rule 54(b) permits early appeals to be taken from orders, or by parties, that are distinct from the remainder of ongoing litigation. The rule has always had an uneasy relationship to what Professor Moore calls the "historic opposition to piecemeal appeals." *Moore's Federal Practice 3d,* ¶ 54.21[4] (hereinafter cited simply by reference to "¶"). The jurisprudence that has built up around the rule continues to require (among other things) that the decision appealed from must be final under 28 U.S.C. § 1291, *see* ¶ 54.22[2](a)(1); that it must dispose of all claims against the parties involved, *see* ¶ 54.22[2](c); and that the court must make an express and non-routine determination that there is no reason for delaying the appeal, *see* ¶ 54.24[1].

A cornerstone of Rule 54(b) is that its application is discretionary with the trial court, and that the exercise of that discretion may not be challenged by an immediate appeal. *See* ¶ 54.23[1](a). Indeed, the fact that an appeal does not lie from the denial of a Rule 54(b) motion is the first of several strong indicators that the rule does not apply to the situation presented in this motion: it would make no sense for plaintiffs' only avenue for appeal to be subject to the non-appealable discretion of this Court.

Another strong indicator that Rule 54(b) is not applicable to the situation presented here is found in the language of the rule itself, that "[i]n the absence of [the required] determination and direction, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the actions to any of the claims or parties...." If plaintiffs' submission on this motion were accepted, that language would mean that the stipulation dismissing plaintiffs' claims as to 1st

---

1. The Rule 41(a) dismissal was operative when it was filed on September 9, 1999. *See* Fed. R.Civ.P. 41(a). The "so ordered" endorsement added four days later was done in keeping with the local practice but was legally superfluous.

American and Option One would not be effective to terminate the action as to them. That would be an absurd result, and one obviously at odds with the parties' intent in stipulating to the dismissal of the claims against Option One that had already been dismissed by the order of January 15, 1998.

A third strong indicator that Rule 54(b) does not fit the circumstances of this case is the line of authority holding that Rule 54(b) neither extends or limits the appellate jurisdiction of the courts of appeals. *See* ¶ 54.27[1]. As defendant points out in its opposition to the instant motion, plaintiffs' interpretation of the rule would allow a losing party to wait an indeterminate amount of time before filing a Rule 54(b) motion, thus overruling the "mandatory and jurisdictional" time limits for noticing appeals set forth in Fed.R.App.P. 4. *See Browder v. Director, Dep't of Corrections of Illinois,* 434 U.S. 257, 264, 98 S.Ct. 556, 54 L.Ed.2d 521 (1978).

Although it appears that no court has decided the exact question presented by this motion, a number of decisions stand for the proposition that the voluntary dismissal, with prejudice, of all remaining claims in a case will convert an otherwise final order into an appealable judgment without the express determination and direction of a district court under Rule 54(b): "If the desire for an immediate appeal is strong enough, the party may go to extraordinary lengths to obtain it, *including dismissal of the unadjudicated claims or parties.* Most authority agrees that such a dismissal permits appeal of the earlier adjudication...." ¶ 54.25[3], and cases there cited.

**ORDERED** that plaintiffs' motion for entry of final judgment [# 71] is **denied.**