Skinner v. Hills. Cty. Corrections    CV-00-067-JD  07/25/00
UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE


Michael Skinner, et al.

     v.                                  Civil No. 00-67-JD
                                         Opinion No. 2000 DNH 161
James M. O'Mara, Jr.,
Superintendent, Hillsborough
County Department of
Corrections, et al.


                          O R D E R


     The plaintiffs bring suit against the superintendent of the

Hillsborough County Department of Corrections and other

defendants seeking to certify a civil rights class action for

damages and declaratory and injunctive relief based on

allegations concerning medical care at the county jail.  At the

preliminary pretrial conference, held on May 8, 2000, counsel for

the parties agreed that the focus of the first stage of the case

would be limited to issues of class certification.  See

Scheduling Order #1 (document no. 14).  For that reason, initial

discovery is limited to issues pertaining to class certification.

     The Hillsborough defendants move for a protective order on

the grounds that certain of the plaintiffs' pending discovery

requests seek information beyond issues pertinent to class

certification and that the requests are burdensome.  The

plaintiffs object.

Pursuant to Federal Rule of Civil Procedure 26(b)(1), "[p]arties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action . . . ." To certify a class, the plaintiffs must first meet the requirements of Federal Rule of Civil Procedure 23(a), and, if that is accomplished, must also show that the class fits one or more of the categories of Rule 23(b). See Mack v. Suffolk County, 191 F.R.D. 16, 22 (D. Mass. 1999). Rule 23(a) requires proof that (1) the putative class is sufficiently numerous that joinder is impracticable, (2) the class shares common questions of law or fact, (3) the claims of the representative plaintiffs are typical of the claims of the class, and (4) the representative plaintiffs will fairly and adequately represent the class.

The plaintiffs seek certification of a class under both 23(b)(2) and 23(b)(3). Rule 23(b)(2) applies to a class for which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(3) applies to a class for which "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and [] a class action is

2

superior to other available methods for the fair and efficient adjudication of the controversy."

Class certification does not depend on proof of the merits of the plaintiffs' case. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974); Central Wesleyan College v. W.R. Grace & Co., 6 F.3d 177, 183 (4th Cir. 1993); Burstein v. Applied Extrusion Techs., 153 F.R.D. 488, 489 (D. Mass. 1994). Instead, for purposes of class certification, the court accepts the claims alleged as true. See Rivera v. American Home Prods. Corp., 191 F.R.D. 45, 47 (D.P.R. 1999); In re Miller Indus., Inc., 186 F.R.D. 680, 684 (N.D. Ga. 1999). For that reason, discovery aimed at evidence relevant to the merits of the plaintiffs' claims, but not specifically relevant to the questions pertaining to class certification, is premature.

A.   Time Limitations

The Hillsborough defendants object to providing any of the documents requested by the plaintiffs that were generated before January of 1997. They argue that documents generated before that time are not relevant to claims that arose within the statute of limitations.[1] Despite the defendants' limited view of their

---

[1]The applicable limitations period is three years. See Calero-Colon v. Betancourt-Lebron, 1, 2 (1st Cir. 1995); see also

3

relevance, documents generated outside the limitations period may well be necessary to show a common policy, practice, or custom with regard to prisoners' medical care and treatment during the limitation period and may also be necessary to identify members of the class. The number of the potential class members, and the commonality and typicality of their claims are issues relevant to several factors of Rule 23(a) as well as 23(b)(2).

B. Documents Regarding the Costs, Expenses, and Pricing of Health Care Services

The Hillsborough defendants object to producing documents the plaintiffs have requested pertaining to the costs, expenses, and pricing of health care services provided to inmates on the grounds that the requested documents are not relevant to certification. The defendants also contend that production would be burdensome. Since the defendants do not elaborate on what burden the request might cause, that issue is not sufficiently raised to be addressed by the court.

However, the requested documents do not appear to be relevant to the limited issue of class certification. The plaintiffs state in a conclusory manner that proving that the defendants conspired to reduce health care costs at the jail is

N.H. Rev. Stat. Ann. ("RSA") § 508:4.

4

the "benchmark" for determining the four parts of Rule 23(a).

Since proof of the merits of their claims is not a requirement
for class certification, that argument is unpersuasive.  The
plaintiffs also state, "proving the existence of conspiratorial
conduct, ipso facto, presages the existence of a Rule 23(b)(2)
class."  Again, proof of the merits is not necessary, and the
plaintiffs have not shown any other relevance of the requested
documents to the issues pertaining to class certification.

The plaintiffs' request for documents regarding the costs,
expenses, and pricing of health care services appears to be
premature.  The defendants therefore are not required to produce
those documents at this stage of discovery.


C.    Documents Regarding Medical Records of Other Inmates

The plaintiffs have requested documents that the defendants
say contain medical information regarding inmates who are not
named plaintiffs.  The defendants assert that the documents are
privileged pursuant to RSA § 329:26, and further contend that the
documents cannot be disclosed without a waiver from the inmates
involved.

Because the plaintiffs' claims are brought as a federal
civil rights action pursuant to 42 U.S.C.A. § 1983, state law
pertaining to evidentiary privileges does not apply.  See Fed. R.

Evid. 501. Instead, federal common law of privilege provides the applicable rule, and other federal jurisdictions have not recognized a physician-patient privilege. See, e.g., Whalen v. Roe, 429 U.S. 589, 602 n.28 (1977); Patterson v. Caterpillar, Inc., 70 F.3d 503, 506 (7th Cir. 1995); Gilbreath v. Guadalupe Hosp. Found., Inc., 5 F.3d 785, 791 (5th Cir. 1993); Hancock v. Dodson, 958 F.2d 1367, 1373 (6th Cir. 1992). Therefore, the defendants' objection based on the New Hampshire physician-patient privilege is unavailing.

If the defendants intend to assert a federal common-law privilege, they must submit a privilege log and make an express claim for such a privilege. See Fed. R. Civ. P. 26(b)(5). The defendants shall comply with Rule 26(b)(5), within the time provided below, or produce the requested documents.

D.   Documents Regarding Dental Services

The defendants object to producing documents regarding dental services on the ground that dental services do not relate to the plaintiffs' claims based on the denial of medical care. Because the provision of dental care may be understood to be part of general medical services, the request is not so far afield as to be outside the scope of discoverable materials.

E.  <u>Documents Establishing Policies and Procedures</u>

The defendants object to the plaintiffs' request for documents concerning the establishment of policies and procedures for the jail on the ground that the request is overly broad and would compromise security. The defendants also object that the documents do not relate to issues of class certification. In response, the plaintiffs by way of clarification assert that they seek documents pertaining to the policies and procedures related to the delivery of health care services.

Other than stating that the internal workings of the defendants in the area of health care "are the fulcrum on which the plaintiffs' class allegations rise or fall," the plaintiffs offer no explanation as to what relevance the policies may have to the class certification analysis. As noted previously in the discussion concerning the limitations period, however, the defendants' policies as to health care may be relevant to show the commonality and typicality of the claims of the class under Rule 23(a) and to establish the elements of Rule 23(b)(2) or (b)(3). Therefore, the requested documents are potentially relevant to class certification issues.

To the extent the defendants contend that the plaintiffs' request, which the plaintiffs have limited to discovery of the defendants' policies and procedures related to the delivery of

8

health care services, is overbroad or burdensome, the defendants have not articulated a sufficient basis for their position. Similarly, the defendants have not shown that the requested information, as limited, would jeopardize security. Therefore, the defendants shall either produce the requested information, as limited by the plaintiffs' clarification, or if they continue to object, they shall make appropriate objections, accompanied by a privilege log if necessary, within the time allowed below.

F.    Documents Related to County Commission Meetings

The defendants object to the request for county commission meeting documents on the grounds that the information requested is not relevant to the plaintiffs' claims and would be unfairly burdensome to produce. Whether or not the requested information pertains to the merits of the plaintiffs' claims, the plaintiffs have not shown that the requested documents pertain to issues of class certification. The request is therefore premature.

Conclusion

For the foregoing reasons, the defendants' motion for a protective order (document no. 16) is granted during the class certification stage of discovery as to the plaintiffs' requests for documents regarding the costs, expenses, and pricing of

9

health care services and the County Commission meeting documents. The defendants are granted an opportunity to make a proper response, as is more fully described in this order, with respect to the plaintiffs' requests for medical records and policies and procedures related to the delivery of health care, which shall be made on or before August 11, 2000. The defendants' motion is otherwise denied.

SO ORDERED.

_____
Joseph A. DiClerico, Jr.
District Judge

July 25, 2000

cc:   John Paul Kacavas, Esquire
      John A. Curran, Esquire
      Wilbur A. Glahn III, Esquire
      Christine A. Desmarais-Gordon, Esquire
      Craig R. Waksler, Esquire