Skinner v. DOC Hills. Cty.          CV-00-067-JD  07/18/01

UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Michael D. Skinner, et al.

        v.                              Civil No. 00-67-JD
                                        Opinion No. 2001 DNH 131
James M. O'Mara, Jr.,
Superintendent, et al.


                          O R D E R


     The plaintiffs bring suit against the superintendent of the

Hillsborough County Department of Corrections ("HCDOC") and other

defendants seeking to certify a civil rights class action for

damages and declaratory and injunctive relief based on

allegations concerning medical care at the county jail.  The

defendant, Correctional Medical Services, Inc. ("CMS"), moves to

compel further answers to interrogatories.  At the preliminary

pretrial conference, held on May 8, 2000, counsel for the parties

agreed that the focus of the first stage of the case would be

limited to issues of class certification.  See Scheduling Order

#1 (document no. 14).  The question of class certification has

not been resolved.  For that reason, discovery remains limited to

issues pertaining to class certification.

     Pursuant to Federal Rule of Civil Procedure 26(b)(1),

"[p]arties may obtain discovery regarding any matter, not

privileged, which is relevant to the subject matter involved in

the pending action . . . ."  To certify a class, the plaintiffs

must first meet the requirements of Federal Rule of Civil Procedure 23(a), and, if that is accomplished, must also show that the class fits one or more of the categories of Rule 23(b). See Mack v. Suffolk County, 191 F.R.D. 16, 22 (D. Mass. 2000). Rule 23(a) requires proof that (1) the putative class is sufficiently numerous that joinder is impracticable, (2) the class shares common questions of law or fact, (3) the claims of the representative plaintiffs are typical of the claims of the class, and (4) the representative plaintiffs will fairly and adequately represent the class.

The plaintiffs seek certification of a class under both 23(b)(2) and 23(b)(3). Rule 23(b)(2) applies to a class for which "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." Rule 23(b)(3) applies to a class for which "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members, and [] a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Courts do not consider the merits of the plaintiffs' case when considering a motion for class certification. See Eisen v. Carlisle & Jacquelin, 417 U.S. 156, 177-78 (1974); Bertulli v.

Indep. Ass'n of Cont'l Pilots, 242 F.3d 290, 297 n.29 (5th Cir. 2001); Caridad v. Metro-North Commuter R.R., 191 F.3d 283, 293 (2d Cir. 1999), cert. denied, 529 U.S. 1107 (2000); Burstein v. Applied Extrusion Techs., Inc., 153 F.R.D. 488, 489 (D. Mass. 1994). Instead, for purposes of class certification, the court accepts the substantive claims as alleged in the complaint. See J.B. ex rel. Hart v. Valdez, 186 F.3d 1280, 1290 n.7 (10th Cir. 1999); Nelson v. City of Irvine, 143 F.3d 1196, 1199 (9th Cir. 1998); Rivera v. Am. Home Prods. Corp., 191 F.R.D. 45, 47 (D.P.R. 1999). In contrast, disputed issues pertaining to class certification require factual support. See Szabo v. Bridgeport Machs. Inc., 249 F.3d 672, 676 (7th Cir. 2001).

Although the certification stage of this case is drawing to a close, discovery in this case continues to be limited to certification issues. Therefore, discovery aimed at evidence relevant to the merits of the plaintiffs' claims, but not relevant to questions of class certification, is premature.

CMS asks that the plaintiffs be compelled to provide more complete answers to fifteen interrogatories. In response, the plaintiffs represent that they have provided supplemental answers to some of the interrogatories, but they contend that no supplementation is necessary for the remaining interrogatories because those ask for information about the merits of the case. Answers to eleven interrogatories remain in dispute.

3

Interrogatory 15 asks: "Please state each and every act which you contend constitutes evidence that CMS acted with deliberate indifference to your serious medical needs and the serious medical condition of the plaintiff class." Skinner answered, "When informed of my problem none of the Hillsborough County Department of Correction staff responded. Rather, they just showed complete indifference." CMS argues that Skinner must answer more fully because "[d]eliberate indifference to the serious medical needs of the plaintiff class must be shown for the plaintiff class to succeed on its Eighth Amendment claim." Def. Mem. at 18.

For purposes of class certification, the court will not consider the merits of the plaintiffs' substantive claims but instead will accept the claims as alleged. See, e.g., Mack, 191 F.R.D. at 23 (citing Lamphere v. Brown Univ., 553 F.2d 714, 719 n.11 (1st Cir. 1977)). In interrogatory 15, CMS is seeking information about the substantive merits of the plaintiffs' Eighth Amendment claim, not about issues relevant to class certification. Therefore, the interrogatory is premature.

Similarly, in interrogatory 16, CMS asks for the "factual basis or bases" for the plaintiffs' conspiracy claim and argues that the complaint and the answer to the interrogatory are insufficient to state a conspiracy claim. Interrogatories 17 through 21 ask for "the factual basis or bases for your claim

4

that CMS has a 'custom/practice/policy'" of refusing or failing to provide specific types of care or response to medical needs. CMS argues that it must have answers to these interrogatories so that it can determine whether there are questions of law common to the class.

CMS misunderstands the difference between a challenge to the claims on the merits and the analysis pertinent to class certification. For class certification, the merits of the plaintiffs' claim that CMS had the alleged customs, policies, or practices will not be questioned. Therefore, whether the class shares a question of law does not depend on proving the existence of the alleged customs, policies, or practices.


## Conclusion

For the foregoing reasons, the defendant's motion to compel (document no. 60) is denied.

SO ORDERED.

 

_____
Joseph A. DiClerico, Jr.
District Judge

July 18, 2001

cc:  John Paul Kacavas, Esquire
     John A. Curran, Esquire
     Wilbur A. Glahn III, Esquire
     Christine A. Desmarais-Gordon, Esquire
     Craig R. Waksler, Esquire